UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DENNIS BROCK, | ) |
| Plaintiff, | ) Civil Action No. 5: 17-205-DCR |
| v. | ) |
| CORRECT CARE SOLUTION, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Correct Care Solution's ("Correct Care") motion to dismiss, filed October 12, 2017. [Record No. 32][1] For the reasons that follow, the defendant's motion will be granted and this action will be dismissed.

**I.**

At times relevant to this action, Dennis Brock was being held as an inmate at Kentucky's Northpoint Training Center. He alleges that, on or about October 7, 2016, his appendix ruptured. Two days later, he claims to have approached staff at Northpoint but staff refused to send him outside the facility for treatment. He states that he returned on October 10, 2016, still complaining of severe pain. Again, however, Brock alleges that he

---

[1] The plaintiff's Complaint included Correct Care Solution as well as Stephanie Thompson, Shelli Votaw Conyers, and Rhonda Gibson as defendants. However, the individual defendants were not included in the Amended Complaint filed July 19, 2017. [Record No. 25] Therefore, Correct Care Solutions is the sole defendant in this action.

-1-

did not receive adequate or proper care from the nursing staff. On October 11, 2016, Brock was taken to Ephraim McDowell Regional Medical Center where surgery was performed and his appendix was removed. Brock's cause of action is based on the five-day delay (October 7, 2016 to October 11, 2016) during which he claims to have received negligent care and treatment from medical personnel at Northpoint Training Center. His original Complaint contains counts identified as "Deliberate Indifference" and "Malice". [Record No. 1] In addition, Brock attached medical records documenting his medical treatment from Ephraim McDowell. The attached records indicate that Brock was actually taken to the regional hospital on October 10, 2016, rather than October 11, 2016.

Brock filed additional documents which were deemed to be an Amended Complaint on July 18, 2017. [Record No. 25] Through this pleading, the plaintiff includes Correct Care Solutions as the only named defendant. At pages 2-3 of that document, he repeats and expands upon the claims contained in his original Complaint regarding inadequate care by medical personnel at Northpoint Training Center during the period October 7, 2016, through October 10, 2016. And while Brock again attached medical records and grievance forms to this document, he does not explain any additional reason for seeking damages against Correct Care.[2]

---

[2] Brock filed an administrative grievance on October 18, 2016, claiming that he was refused medical attention on October 8, 2016. [Record No. 1-1, pg. 14] In relevant part, Brock requested that the nurse that refused to send him for outside treatment be fired. The grievance was later dismissed and Brock's request for reinstatement was refused. However, the grievance committee recommended further investigation "so future incidences can be avoided." [*Id*. at pg. 21]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While plaintiffs are not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, plaintiffs must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

According to Correct Care, it should be dismissed from this action because Plaintiff Brock's Amended Complaint fails to state a claim against it upon which relief may be granted. More specifically, Correct Care contends that it cannot be held liable under 42 U.S.C. § 1983 for torts committed by its employees based on a theory of respondeat superior. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (section 1983 liability may not be imposed upon a municipality or local governmental entity under a

---

The Health Care Grievance Committee notes at page 29 of the records provided by Brock that, "per review of your medical record [,] you refused a medical assessment by the provider on October 9, 2016." [*Id*. at pp. 29, 35] The records attached reflect additional grievances relating to medical treatment following the incident which is the focus of this litigation.

theory of respondeat superior); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (*Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), and its progeny apply equally to private corporations). Instead, liability may only be predicated when an official policy, practice or custom of the corporate entity causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that liability of a private corporation may be liable under § 1983 only when an official policy or custom of the corporation cause the alleged deprivation of federal rights). [Record No. 32-1, p. 2]

Therefore, to demonstrate liability against it, Plaintiff Brock must: (1) identify the offending policy, practice or custom; (2) connect it to the defendant; and (3) demonstrate that the particular injury in issue was incurred due to the execution of that policy, practice or custom. *See Ilkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). As the Sixth Circuit explained in *Ilkire*, "despite being 'persons' for the purposes of § 1983, municipalities [and private corporations performing public functions] are not 'liable for every misdeed of their employees and agents. [] Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government [or private corporation] as an entity is responsible under § 1983." *Id.* at 814-815 (citations omitted). Here, Plaintiff Brock has not alleged that Correct Care's medical staff acted pursuant to a policy, practice or custom that caused the alleged harm.

Brock asserts in his response that he has already submitted proof of his claim by way of medical records and a medical-DVD. He further claims that the alleged negligence

-4-

(*i.e.*, the actions or inactions) of the medical staff at Northpoint Training Center put him in harm's way.  [Record No. 34]  Thus, he fails to address the central point raised in the defendant's motion:  the failure to allege that a custom, practice or policy of Correct Care is connected to his alleged injury.  As a result, has failed to properly allege or establish a claim which may be asserted against the remaining defendant.

### III.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendant Correct Care Solution's motion to dismiss the plaintiff's Amended Complaint [Record No. 32] is **GRANTED**.

2. The claims asserted by Plaintiff Dennis Brock against Defendant Correct Care Solution are **DISMISSED**, with prejudice.  Further, all claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 7th day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge